IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 24-CR-167-RAW |
| JASON JAVON FRANKLIN, MARIELLE TRAMANIE SMITH, SHERL DEAN BATISTE, and NICHOLES ANDREW KERR, | |
| Defendant. | |

# ORDER

Before the court is Defendant William Clayton Brown's Motion for Bill of Particulars as to Venue [Dkt. No. 172] and Defendant Marielle Tramanie Smith's joinder in Motion for Bill of Particulars [Dkt. No. 175].

The Second Superseding indictment filed on September 18, 2025, adds two counts against Defendant Brown and Defendant Smith. Defendant Smith and Defendant Brown are charged in Count Fourteen with Obstructing Justice by Retaliating against a witness, Victim 2, or an informant in violation of 18 U.S.C. 1513(a)(1)(B) and 2 and in Count Fifteen with attempting to kill Victim 2 with the intent to prevent the testimony of Victim 2 in violation of 18 U.S.C. § 1512 (a)(1)(A) and 2. Defendants Brown and Smith move for a bill of particulars with respect to the allegations in Counts 14 and 15 to determine whether venue is proper in the Eastern District of Oklahoma. [Dkt. No. 172 and Dkt. No. 175].

The Second Superseding indictment states that Counts 14 and 15 occurred "in the Eastern District of Oklahoma and elsewhere". [Dkt. No. 135 at 14-15]. The Defendants argue that the

1

vague language of the Second Superseding Indictment prevents them from effectively challenging venue. Accordingly, they request that the court require the Government to file a bill of particulars that states with specificity the facts upon which venue is supported as to Counts 14 and 15.

The Government opposes the requests for a bill of particulars, arguing that Defendant Brown's argument is expressly contradicted by the relevant statutes and case law. [Dkt. No. 176 at 5.] The Government argues that venue for Counts 14 and 15 is clearly proper in the Eastern District of Oklahoma because it is the location of the official proceeding that was intended to be affected by the alleged attempted murder of Victim 2. *Id.*

Pursuant to Fed. R. Crim P. 7 (c) an indictment must provide a "plain, concise, and definite written statement of the essential facts constituting the offense charged." The indictment must provide enough information to allow a defendant to prepare a defense, avoid surprise at trial, and preclude a second prosecution for the same offense. *United States* v. *Powell*, 767 F.3d 1026, 1030 (10th Cir. 2014); *United States* v. *Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996). A court will grant a defendant's motion for a bill of particulars when the indictment fails to give the defendant adequate notice of the government's theory of the case or insufficiently describes the charges against the defendant with sufficient precision to allow the defendant to prepare her defense. *Ivy*, 83 F.3d at 1281 (10th Cir. 1996). A defendant is not entitled to know all of the evidence the government intends to produce, but only the theory of the government's case, for a bill of particulars is not a discovery device. *See United States* v. *Dunn*, 841 F.2d 1026, 1029-30 (10th Cir.1988). The indictment needs only to quote the language of a statute and include the date, place, and nature of illegal activity. *United States* v. *Doe*, 572 F.3d 1162, 1173 (10th Cir. 2009).

In the present case, the Defendants are requesting more specificity as to the location of the alleged crimes charged in Counts 14 and 15. While it appears from the Second Superseding

Indictment that Counts 14 and 15 relate to Counts 12 and 13 which provide additional background, the Second Superseding Indictment does not specify where the acts alleged in Counts 14 and 15 occurred. Instead, it simply states that the alleged crimes were committed "in the Eastern District of Oklahoma and elsewhere". [Dkt. No. 135 at 10.] More specificity as to the location of the alleged crimes would be helpful to both the court and the parties to ensure that venue is proper in this district. Therefore, Defendant William Clayton Brown's Motion for Bill of Particulars as to Venue [Dkt. No. 172] and Defendant Marielle Tramanie Smith's joinder in Motion for Bill of Particulars [Dkt. No. 175] are both hereby GRANTED. The Government is hereby ordered to file a bill of particulars that states with specificity the facts upon which venue is supported as to Counts 14 and 15.

**IT IS SO ORDERED** on this 1st day of October, 2025.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA