## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**                                                    **Case No. 24-CR-167-RAW**

**JASON JAVON FRANKLIN, MARIELLE TRAMANIE SMITH, SHERL DEAN BATISTE, and NICHOLES ANDREW KERR,**

**Defendant.**

## ORDER

Before the court is Defendant Marielle Smith's Motion to Remedy Undue Interference with, and Abridgment of, Sixth Amendment Right to Counsel. [Dkt. No. 196]. At issue is whether housing Defendant Smith far away from his counsel abridges his Sixth Amendment right to counsel. The Movant, Defendant Smith, is one of five co-defendants in this case arising out of an alleged murder for hire. Two of the Defendants, Mr. Smith and Mr. Franklin, face capital punishment for their alleged involvement in this crime. Mr. Smith is currently incarcerated in the Grayson County Detention Center in Leitchfield, Kentucky. His attorneys reside in Atlanta, Georgia, and Oklahoma. Through his counsel, Mr. Smith argues that being housed in this location impedes his right to effective assistance of counsel, due process, and his Eighth Amendment right to be free from cruel and unusual punishment. Because the Defendant fails to demonstrate that he will be prejudiced by this arrangement, the Motion is DENIED.

United States Marshals shall provide for the safekeeping of any person arrested or held under the authority of any enactment of Congress pending commitment to an institution.18

1

U.S.C.A. § 4086 (West). In fulfilling this duty, the Director of the Marshals Service is authorized to acquire "adequate and suitable detention space, health care, and other services and materials required to support prisoners under the custody of the U.S. Marshal who are not housed in Federal facilities." 28 C.F.R. § 0.111(o); *see* 18 U.S.C. § 4013(c) (establishing minimum compliance criteria. *Saunders* v. *United States*, 502 F. Supp. 2d 493, 496 (E.D. Va. 2007). Courts typically leave the selection of appropriate pre-trial housing up to the discretion of the United States Marshals, who will weigh various concerns, including expense, administration, payment, access, and other factors. *Williams* v. *United States*, 50 F.3d 299, 310 (4th Cir. 1995). To prevail on a Sixth Amendment claim based on placement away from counsel, evidence of actual prejudice is necessary. *United States* v. *Lyons*, 898 F.2d 210, 216 n. 6 (1st Cir.), cert. denied, 498 U.S. 920, 111 S.Ct. 295, 112 L.Ed.2d 249 (1990); *Ervin* v. *Busby*, 992 F.2d 147, 150 (8th Cir. 1993).

In the present case, the Government indicates that the Marshal's housed Mr. Smith in Kentucky out of safety concerns after considering several other facilities that were ultimately not suitable. Dkt. No. 10. Defendant claims he is prejudiced because his current placement impairs his attorney's ability to communicate with him frequently enough to establish sufficient trust and close contact with their client. Dkt. No. 196 at 5. However, as the government points out, accommodations can be made to enhance counsel's contact without transferring facilities. *See* Dkt. No. 204 at 9 discussing *Falcon* v. *U.S. Bureau of Prisons*, 852 F. Supp. 1413, 1422 (S.D. Ill. 1994), aff'd, 52 F.3d 137 (7th Cir. 1995) (A defendant under pretrial detention over 1,000 miles away from his attorneys was provided special access to his legal materials and expedited telephone calls, among other accommodations, to resolve his need to communicate with counsel.) The court is generally hesitant to interfere with what appears to be a proper exercise of the Marshal's discretion. Additionally, the Defendant fails to show that he will be prejudiced by this arrangement, especially

in light of the accommodations that can be made to facilitate attorney-client communication. Furthermore, while Defendant Smith baldly asserts that this arrangement also infringes on his Eighth Amendment rights, this contention is completely unsupported. Therefore, Defendant Marielle Smith's Motion to Remedy Undue Interference with, and Abridgment of, Sixth Amendment Right to Counsel [Dkt. No. 196] is hereby DENIED.

**IT IS SO ORDERED** on this 16th day of December 2025.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE